```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
GARY MICHAEL BERMAN,               :
                    Plaintiff,     :
                                   :         MEMORANDUM DECISION
v.                                 :         AND ORDER
                                   :
QUALITY MOTORS and ALY M.          :         16 CV 128 (VB)
FATHY,                             :
                    Defendants.    :
--------------------------------------------------------------x
```

Defendant Quality Motors removed this action from Supreme Court, Westchester County. (Doc. #1). As discussed below, because this Court lacks subject matter jurisdiction, the Court remands the case to Supreme Court, Westchester County.

## BACKGROUND

Plaintiff Gary Michael Berman, a resident of New York, brought this action in Supreme Court, Westchester County, against Aly M. Fathy, a Pennsylvania resident, for claims arising out of a car accident that allegedly occurred in Westchester County on January 15, 2014. Plaintiff also sued Quality Motors, a Pennsylvania-based limited liability company[1] that allegedly owned Ms. Fathy's car.[2]

On January 7, 2016, Quality Motors removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1446 and § 1332. (Doc. #1). In its Statement of Grounds of Removal, Quality Motors alleges it "is a limited liability corporation incorporated in

---

[1] As the Court noted in its January 11, 2016, order, Quality Motors's Statement of Grounds of Removal alleges it is a limited liability corporation, not a limited liability company. However, the Court treats Quality Motors as a limited liability company, not a corporation, because (i) in its verified answer, exhibited to the notice of removal, defendant identifies its name as "Quality Motors of Germantown, LLC," (Doc. #1, Ex. B), and (ii) a search on the Pennsylvania Department of State website indicates Quality Motors of Germantown is a limited liability company.

[2] To date, the only party to appear in this Court is Quality Motors.

1

the State of Pennsylvania and maintains its principal place of business in Pennsylvania." (Doc. #1, ¶ 5). The notice of removal does not allege the citizenship of the natural persons who are members of the LLC, or the place of incorporation and principal place of business of any corporate entities who are members of the LLC.

On January 11, 2016, because the allegations contained in the removal notice were insufficient to establish the citizenship of the parties to invoke diversity jurisdiction under Section 1332, the Court ordered Quality Motors to amend its removal notice to allege the citizenship of each of Quality Motors's members. (Doc. #4). The Court gave Quality Motors until January 25, 2016, to amend its removal notice or show cause in writing why the case should not be remanded for lack of subject matter jurisdiction. (Id.).

Quality Motors has failed to comply with the Court's order. Accordingly, the Court remands the case to Supreme Court, Westchester County, for lack of subject matter jurisdiction.[3]

## DISCUSSION

I.  Removal Standard

A case may be removed from state to federal court only if the action is one over which the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The rules regarding removal are strictly construed. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002). "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese–Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). Once the question is raised, the

---

[3] On February 19, 2016, counsel for plaintiff and Quality Motors submitted a stipulation discontinuing the action against as to Quality Motors only. Because the Court lacks subject matter over the case, it need not address the stipulation.

2

burden of establishing subject matter jurisdiction rests on the party asserting jurisdiction. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006).

Diversity jurisdiction exists only where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Diversity jurisdiction under Section 1332 requires "complete diversity" between all plaintiffs and all defendants in an action. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005).  There is diversity between the parties when the action is one between "citizens of a different States." 28 U.S.C. § 1332(a)(1).

For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its individual or entity members.  Bayerische Landesbank v. Aladdin Capital, 692 F.3d 42, 49 (2d Cir. 2012).

A district court must remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); see also Lajaunie v. Samuels & Son Seafood Co., 614 F. App'x 33 (2d Cir. 2015) (summary order).  "Out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability." In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (quotation marks and alterations omitted).

II.     Quality Motors Failed to Show This Court Has Jurisdiction

Defendant Quality Motors's Statement of Grounds of Removal does not allege the citizenship of the natural persons who are members of the LLC, or the place of incorporation and principal place of business of any corporate entities who are members of the LLC.  Therefore, the Statement of Grounds of Removal does not establish complete diversity of citizenship of the

parties. Even after being specifically ordered to do so, defendant Quality Motors failed to carry its burden of showing that removal is proper based on complete diversity of citizenship. Instead of complying with the Court's order, Quality Motors submitted a stipulation discontinuing the action only against itself without addressing whether the Court has subject matter jurisdiction.[4] Accordingly, because it appears the Court lacks subject matter jurisdiction, the case shall be remanded. See 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, the Court finds diversity jurisdiction was lacking at the time of removal. The Clerk is directed to (i) remand the case to Supreme Court, Westchester County, and terminate the case, and (ii) mail a copy of this Memorandum Decision and Order to the following parties and/or counsel at the following addresses:

Stephanie L. Goldstein, Esq.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
530 Saw Mill River Road
Elmsford, New York 10523

Joe A. Vazquez, Esq.
Cellino & Barnes
420 Lexington Avenue
Suite 2140
New York, NY 10170

---

[4] Although the Court declines to address the stipulation of partial discontinuance, the Court notes it contains peculiar features. First, the stipulation was signed by plaintiff's attorney despite that plaintiff's counsel never filed a notice of appearance in this Court. Second, the stipulation did not contain this Court's case number, 16 CV 128, and instead used the state court's Index Number. Third, the caption of the stipulation adds a third defendant not listed in the complaint or notice of removal, an entity called "Quality Motor Team, Inc."

n/a
n/a

Aly M. Fathy
3808 West 9th Street
Trainer, PA 19061

Dated: February 23, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge